REQUESTED BY: John Knight, Director, State Department of Public Welfare, Lincoln, Nebraska.
In accordance with V-6250 of our State Plan and Manual, it is not permissible for an employee to be assigned to a position which will require working under the supervision of an immediate relative. Are there any legal requirements that prevent the non-discriminate application of this rule?
No.
The fact situations which most frequently create problems are those where a spouse is supervising a spouse. InKaren M. Espinoza v. Fred Toma, 580 F.2d 346 (8th Cir. 1978) the court affirmed a no-spouse rule as applied to a woman living with but not married to the co-worker. The case arose in Omaha and the defendant was the Metropolitan Area Transit System. In rejecting Miss Espinoza's equal protection challenge the court quoted from Yuhas v. LibbeyOwens Ford, 562 F.2d 496 (7th Cir. 1977), cert. denied,435 U.S. 934 (1978) three reasons were used to justify the policy:
1. A marital relationship generates emotions which may interfere with job performance.
2. Two spouses could be expected to take the same side in work related disputes which could hamper resolution of the grievance.
3. Spouses in a supervisory situation could produce numerous problems such as a detrimental influence on the supervisor's performance, discipline problems when the supervisor exercises authority over his or her spouse and favoritism and resentment problems could be expected to arise.
In view of the above cases in U.S. Courts it is the opinion of this office that a no-spouse policy is permissible in Nebraska.
Several other considerations exist however, concerning the implementation of a policy.
The determination of which worker will transfer cannot be made using sexual criteria. In McArthur v. SouthernAirways, Inc., 404 F. Supp. 508 (D. Ga. 1975), `per se' discrimination where a female worker is forced to terminate when she marries a co-worker. It further should be noted that Neb.Rev.Stat. § 48-1104 (Reissue 1978), prohibits discrimination based on sex or marital status.
In regard to the determination as to which spouse shall leave the Fair Labor Practice Guide (CCH, 1979) sets out the following reasons under the heading Sound Business-Seniority Section 320 on page 46.
 "Sound business reasons may exist for a rule against the employment of a husband and wife in the same department or in a small business operation. To avoid a charge of sex discrimination, any rule against husband-wife employment should provide the two individuals with a choice as to which one will stay. In the event they cannot choose between themselves, the selection should be made on some nonsexual basis such as seniority."
To this point we have addressed the problem of spouse supervising spouse. However, the question submitted concerned the propriety of a rule which does not permit one relative to supervise another. It is our opinion that the situation of one relative supervising another, although possibly not as emotionally charged, does create the same or similar problems. Therefore, the same rationale would apply to support a rule which prohibits one relative from supervising another.
It is also our opinion that the application of the rule should not be limited to `direct' supervision, but also would not permit a relative supervising another relative in the `chain' of supervision.